UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL, | No. 2:22-cv-0324 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Three Strikes Analysis

Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $52.00 administrative fee. However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued at least three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury. Instead, the court will recommend that plaintiff be required to pay the $402.00 in required fees or suffer dismissal of the complaint.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a

person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

Inspection of other cases filed by plaintiff has led to the identification of at least five cases that qualify as strikes.[1] The court takes judicial notice of the following lawsuits filed by plaintiff:[2]

---

[1] The Ninth Circuit has also determined that plaintiff has accrued at least three strikes. In Bell v. Duffy, 9th Cir. No. 15-17403, the Ninth Circuit granted a motion to revoke plaintiff's in forma pauperis status. The motion was based on the first four cases identified by this court, though the Ninth Circuit did not specify which cases it had determined were strikes.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1. <u>Bell v. Jackson</u>, C.D. Cal. No. 2:00-cv-12798 UA SH (motion to proceed in forma pauperis denied and case terminated on December 19, 2000, because the complaint was legally and/or factually patently frivolous and plaintiff failed to exhaust administrative remedies or authorize disbursements from his trust account (ECF No. 2));

2. <u>Bell v. Jackson</u>, 9th Cir. No. 01-55192[3] (affirmed district court's denial of in forma pauperis status because the appeal was not taken in good faith (Dkt. 10), dismissed for failure to pay the filing fee on May 11, 2001 (Dkt. 14))[4]

3. <u>Bell v. Nicholas</u>, E.D. Cal. No. 2:09-cv-2327 GEB DAD (complaint dismissed on May 19, 2010, for failure to state a claim (ECF No. 13));

4. <u>Bell v. Hill</u>, E.D. Cal. No. 2:10-cv-0850 CMK (complaint dismissed on November 16, 2011, for failure to state a claim (ECF No. 15));

5. <u>Bell v. Kernan</u>, E.D. Cal. No. 2:16-cv-2548 KJM AC (complaint dismissed on September 8, 2020, for failure to state a claim (ECF No. 11)).

All of the preceding cases were dismissed well in advance of the February 18, 2022 filing of the instant action, and none of the strikes have been overturned.[5] Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007)

---

[3] Dismissals of both a complaint and subsequent appeal in the same case count as separate strikes, if both dismissals were for reasons listed in three strikes provision. See <u>Richey v. Dahne</u>, 807 F.3d 1202, 1208 (9th Cir. 2015) (counting district court dismissal and dismissal of subsequent appeal as separate strikes); see also <u>Coleman v. Tollefson</u>, 575 U.S. 532, 538 (2015) ("The *in forma pauperis* statute repeatedly treats the trial and appellate stages of litigation as distinct. (citing § 1915(a)(2), (a)(3), (b)(1), (e)(2), (g))).

[4] When the Ninth Circuit relies on the district court's certification that appeals are not taken in good faith, the dismissed appeals "clearly count as strikes" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing <u>Gardner v. Pogue</u>, 558 F.2d 548, 551 (9th Cir. 1977)).

[5] Although <u>Bell v. Kernan</u>, E.D. Cal. No. 2:16-cv-2548 KJM AC, is currently pending on appeal, it still counts as a strike. See <u>Coleman</u>, 575 U.S. at 541 ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges various acts of retaliation by correctional and Board of Parole Hearings staff in 2019 and 2020. ECF No. 1. The alleged retaliation took the form of taking or destroying property, excessive and unwarranted searches, and falsifying mental health records to interfere with plaintiff's parole eligibility. Id. There are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE